### YOUNGER *v.* STATE.

### Opinion delivered October 29, 1923.

1. PROSTITUTION — INDICTMENT — ELECTION BETWEEN COUNTS. — An indictment for pandering contained two counts, charging the commission of the offense in the two modes mentioned in Crawford & Moses' Dig., § 2707, the second count alleging that it charged the same offense in different form. *Held* to charge a single offense, and a motion to require the State to elect was properly refused.

2. PROSTITUTION—WHEN PANDERING COMMITTED.—While transporting a girl for a single act of illicit sexual intercourse does not constitute the crime of transporting for prostitution within the meaning of Crawford & Moses' Dig., § 2707, the transportation of girls for the avowed purpose of indiscriminate lewdness does constitute the offense.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Ward & Caudle,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Pope County for the crime of pandering, and was adjudged to serve a term of two years in the State Penitentiary as punishment

therefor. From the judgment of conviction an appeal has been duly prosecuted to this court.

The indictment on which he was convicted, omitting the formal parts, is as follows:

"The said Albert Younger, in the county and State aforesaid, on the 2d day of November, 1922, did wilfully, unlawfully, and feloniously transport and cause to be transported and aid and assist in obtaining transportation through and across this State, one Vesta Coleman, an unmarried female person, for the wilful, unlawful and felonious purpose of prostitution, against the peace and dignity of the State of Arkansas.

"Count 2.

"And the grand jury aforesaid, in the name and by the authority aforesaid, by way of charging the commission of the same offense in different form, further charge the said Albert Younger of the crime of pandering, as follows, to-wit:

"The said Albert Younger, in the county and State and at the time aforesaid, did wilfully, unlawfully, feloniously and knowingly transport and cause to be transported by means of a certain conveyance, through and across this State, one Vesta Coleman, an unmarried female person, with the wilful, unlawful and felonious intent and purpose to induce, entice and compel her, the said Vesta Coleman, to become a prostitute, against the peace and dignity of the State of Arkansas."

In apt time appellant filed a motion to require the prosecuting attorney to elect upon which count of the indictment he would rely. The motion was overruled, to which ruling an objection was made and an exception saved. Reversible error was not committed in overruling the motion. This court has recently ruled that "pandering is but one offense, under the statute, and may be committed in different modes therein enumerated." *Southwick* v. *State,* 126 Ark. 188. The indictment charged the offense as having been committed in either of the two modes mentioned in § 2707 of Crawford & Moses' Digest, which is as follows:

"Any person who shall knowingly transport or cause to be transported or aid or assist in obtaining transportation for, by any means of conveyance into, through or across this State, any female person for the purpose of prostitution or with the intent and purpose to induce, entice, or compel such female person to become a prostitute, shall be deemed guilty of a felony, and upon conviction thereof be sentenced to the penitentiary for not less than two or more than ten years; any person who may commit this crime in this section mentioned may be prosecuted, indicted, tried and convicted in any county or city in or through which he shall so transport or attempt to transport any female person as aforesaid."

Another contention made by appellant for reversal is that the facts are insufficient to support the judgment. It is argued that, because appellant indulged in a single act of illicit sexual intercourse with Vesta Coleman, the prosecuting witness, when he transported her from Atkins into the woods, it did not constitute "prostitution" within the meaning of that word as used in said statute. The word "prostitution" as used in the statute has been defined by this court in the following language: "There seems to be no contrariety of opinion whatever in the definition of this word, and we must assume that the Legislature used it in its ordinary sense as meaning a woman given to indiscriminate lewdness, and that the word 'prostitution' meant a state of existence for that purpose, and does not include merely the act of a woman occupying the relation of concubinage with one man." It is true that appellant and Vesta Coleman indulged in only one act of illicit intercourse on the trip in question, but the undisputed evidence showed that he was transporting her and a girl friend of hers from Atkins, Arkansas, to Oklahoma City, Oklahoma, for the purpose of indiscriminate lewdness.

Vesta Coleman and Alma Thompson, one eighteen and the other sixteen years of age, who had been absent from their respective homes for several days. met appellant in a restaurant in Atkins. He informed them that

their fathers were hunting them. He thereupon took them in his car from Atkins toward Perry, and, while en route, told them he was taking them to Oklahoma City, where they were to live in a tent and make money for him by associating with other men. They made no objection. They stopped at Perry for a time, and while there became acquainted with Jim Butler. They all got into Butler's car and drove out of town into the woods. While in the woods, Butler and Alma absented themselves. During the time of their absence appellant and Vesta indulged in an act of intercourse. When Butler and Alma returned, the men left the girls in the woods, with the understanding that they would return for them later. For some reason they did not do so, and the girls went to a farmer's home and stayed all night. The next morning they met Jim Butler and Lee Weaver, who took them back to Morrilton. They later returned to their homes.

While the single act of illicit sexual intercourse did not constitute the crime of pandering within the meaning of the statute referred to, the transportation of these girls for the avowed purpose of indiscriminate lewdness constituted the crime of pandering within the meaning of said section of the statute.

No error appearing, the judgment is affirmed.